### COHEN v. RESSLER.

(Supreme Court, Appellate Term. February 8, 1912.)

1. EVIDENCE (§ 317*)—HEARSAY.

In an action by an attorney for compensation for advice, it was improper to allow the wife of defendant to testify that a third person said that he would send the attorney to defendant and that the attorney would charge nothing for consultation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

2. ATTORNEY AND CLIENT (§ 166*)—COMPENSATION—RIGHT TO COMPENSATION—EVIDENCE.

Where an attorney testified that he had several consultations with defendant, and defendant did not deny these consultations, or introduce competent evidence to rebut the attorney's right to compensation, the attorney cannot be denied compensation.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Reuben Cohen against Herman Ressler. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Reuben Cohen, in pro. per.

Frederick Klein, for respondent.

GERARD, J. [1, 2] This action was brought to recover the value of services alleged to have been rendered by plaintiff as attorney for defendant. Plaintiff testified that he was informed that defendant wanted to see him, that he called at defendant's place of business, and that defendant then consulted him on various occasions about certain claims he had and about a proposed suit. Defendant did not take the stand to deny any of these conversations, and, over the objection and exception of plaintiff, Sarah Ressler, defendant's wife, was allowed to testify that a Mr. Devlin said that the plaintiff worked for him as a lawyer, and that he would send plaintiff over to defendant, and that plaintiff would charge nothing for consultations. Because of the admission of this evidence, and because there is no denial whatever of plaintiff's evidence as to his consultations with the defendant, judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.